UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| KINNITH CHIPMAN,    ) | |
|     Plaintiff,    ) | |
|     ) | |
|     v.    ) | CAUSE NO.: 4:23-CV-86-JD-JEM |
|     ) | |
| LOVE'S TRAVEL STOPS    ) | |
| & COUNTRY STORES, INC.,    ) | |
|     Defendant.    ) | |

**ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006). On October 18, 2023, this matter was removed to federal court by Defendant Love's Travel Stops. The Notice of Removal alleges that the Court's jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties on each side of an action are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Defendant, in this case "the party seeking to invoke federal diversity jurisdiction . . . bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met." *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (citations omitted). Anything less can result in remand of a removed case to state court for want of jurisdiction. *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002). For cases in federal court due to removal on the basis of diversity jurisdiction, "diversity must exist both at the time of the original filing in state court and at the time of removal." *Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823

F.3d 416, 420 (7th Cir. 2016) (citing *Thomas v. Gaurdsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)).

Regarding diversity of citizenship, Defendant allege that "Plaintiff, Kinneth Chipman, is a resident of the City of Smithfield, County of Fulton, State of Illinois. Accordingly, pursuant to federal law, Plaintiff is considered to be a citizen of the State of Illinois." ¶ 10. Defendant is reminded that the citizenship of an individual is determined by their domicile, not residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Accordingly, Defendant must specifically plead the domicile of Plaintiff, both at the time the Complaint was filed in state court and at the time of removal.

Accordingly, the Court **ORDERS** Defendant to **FILE**, on or before **November 17, 2023**, a supplemental jurisdictional statement regarding the citizenship of the parties as outlined above.

SO ORDERED this 3rd day of November, 2023.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:　　All counsel of record